Colcock, J.
The foundation of the argument of the appellant’s counsel, is the intimate connexion which subsists between the capias ad respondendum and the capias ad satisfaz, ciendum. This connexion he has clearly shewn, by his learned research, did once subsist; but by following the changes which have taken place in the doctrines of the law on the subject of process and its operation, it will be found that that connexion has long since ceased.
The body is not now arrested by the capias ad respon dendum. It is a mere notice to the defendant that he is sued, and that he is required to defend the action.
If the object be to arrest the body, there must be an affidavit and an order for bail. This being the case, it would not follow as contended, that the abolition of the one process necessarily implied the abolition of the other. If the conclusion were just, however, the argument proves too much; for it amounts to this, that the act must be construed to take away the right to sue a female.
Again, supposing the connexion to be what it once was, yet the conclusion would not follow.
Formerly a ca. sa. could not be obtained, except where a capias ad respondendum had issued^ now the abolition *19 of tbe latter process does not necessarily' imply the abolition of the former. The foundation may remain although the superstructure be raised.
It is contended that without the return of non est inven i ius on a ca. sa. the bail cannot' be fixed', and that therefore it is useless to hold to bail.
Now although it may be useless, as. it regards the bail, the case before us shews that it is not useless in other respects. The legislature may have intended that females should not be subjected to imprisonment under a ca. sa. and yet thought it not improper to suffer! them to be sued and held to bail. If the object had been to relieve them from all imprisonment, they would have used some general language adapted to th,e purpose. They would not have designated a particular process from the operation of which they should be freed. The language of the act is plain and perspicuous. There is no room for doubt; therefore, no room for implication.
Motion refused.
Memminger for appellants;
Cross and Gray contra.